The following history of this matter is taken from the 5 May 1995 Opinion and Award of former Deputy Commissioner Lawrence Shuping, which was not appealed from and thus has become the law of the case.
Defendant employed plaintiff as a reservation agent. On 7 March 1991, plaintiff suffered a compensable injury to her back when she tripped and fell on the curb outside of her office building. As a result of her compensable injury, plaintiff developed chronic incapacitating neck, left shoulder and arm pain. On 17 June 1992, Dr. O. Del Curling performed a cervical fusion at the C5-C6 level. Plaintiff reached maximum medical improvement on 10 December 1992, when she was rated with a 10% permanent partial disability to her back. Plaintiff significantly improved following surgery, and on 28 September 1992, she returned to work for defendant as a reservation sales agent.
By the end of February 1993, plaintiff developed a recurrence of her chronic neck, left shoulder and arm pain. As her symptoms worsened plaintiff became depressed, manifested by feelings of hopelessness, withdrawal, worthlessness, and sleeplessness, along with crying spells, real or perceived difficulty with her memory and ability to concentrate, and loss of energy and appetite. Dr. Curling referred plaintiff to psychiatrist Dr. Branham who initially saw plaintiff on 23 September 1993. Dr. Branham took plaintiff out of work because of her chronic pain and the associated depression.
Plaintiff filed a claim for additional benefits based upon a change of condition. Defendant denied the claim, and argued that plaintiff violated the provisions of N.C. Gen. Stat. 97-32 by wrongfully refusing suitable employment (her reservations agent position). Former Deputy Commissioner Shuping found that plaintiff had experienced a significant change of condition as defined in N.C. Gen. Stat. 97-47, and that as a result of her compensable injury of 7 March 1991 she was totally disabled. Deputy Commissioner Shuping did not find that plaintiff had reached maximum medical improvement regarding either her chronic pain or her depression. In addition to the resumption of plaintiffs indemnity benefits, defendant was ordered to pay for plaintiffs treatment by Dr. Branham for her depression and for any treatment for her chronic pain recommended by Dr. Branham.
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence affirms with some modifications the Opinion and Award of Deputy Commissioner Jones as follows:
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. This is a compensable claim in which there have been several prior Form 21 or Form 26 awards.
2. On 5 May 1995, former Deputy Commissioner Lawrence Shuping entered an Opinion and Award in which he found that plaintiff continued to be rendered totally disabled by her compensable injury and the resulting pain and psychiatric problems. Deputy Commissioner Shuping approved the treatment by Dr. Henry E. Branham, Jr. Dr. Branham was treating plaintiff in part for her chronic incapacitating pain.
3. On 7 April 1997, defendant submitted a Form 24 Motion to Terminate Plaintiffs Disability Compensation alleging that plaintiff had unjustifiably refused defendants 14 March 1997 offer of employment as an airline reservation sales agent.
4. On 7 April 1997, defendant submitted a motion to remove Dr. Branham as plaintiffs treating physician.
5. By Opinion and Award filed on 17 February 1998, the Full Commission reversed an Opinion and Award by Deputy Commissioner Wanda Taylor in which she had found that plaintiff had violated provisions of N.C. Gen. Stat. 97-27(a). The Full Commission directed that the case be re-docketed before a Deputy Commissioner for hearing on the issue of whether plaintiff had improperly refused suitable employment which she was qualified and able to perform.
6. The transcripts, stipulations, exhibits and medical records admitted into evidence as part of the prior hearing before Deputy Commissioner Taylor are re-admitted and made part of the record in this proceeding.
7. Plaintiffs medical records, totaling 61 pages of additional medical documentation, were admitted into evidence as Stipulated Exhibit #1.
 ***********
Based upon all of the competent evidence adduced from the record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. Subsequent to the 5 May 1995 Opinion and Award of Deputy Commissioner Shuping, defendant filed a Form 24 to suspend plaintiffs benefits on grounds that plaintiff refused to be examined in violation of N.C. Gen. Stat. 97-27. The Full Commission ruled on 17 February 1998 that plaintiff had not unjustifiably refused an independent medical exam.
2. On 7 April 1997, while defendants first Form 24 application to suspend benefits was pending before the Full Commission, defendant filed another Form 24 application to terminate benefits on the ground that plaintiff "unjustifiably refused the employers offer of suitable employment on 3/14/97. In addition, defendant moved to have Dr. Branham removed as plaintiffs treating physician, and to replace him with Dr. Jones. These motions were heard and decided by Deputy Commissioner Jones on 17 March 1999 and are the only matters before the Commission at this time.
3. In February 1997, at defendants request, plaintiff submitted to an independent medical examination performed by psychiatrist Dr. Beverly Jones. Following the examination, Dr. Jones noted that plaintiff was not currently depressed, but experienced episodes of fatigue related to her chronic pain. He diagnosed plaintiff as having a major depressive disorder, which was "presently in remission. Accordingly, Dr. Jones opined that plaintiff was "psychologically able to work; however, she was not motivated to do so. Defendant attached Dr. Jones report in support of its Form 24 application to terminate or suspend benefits.
4. Plaintiff has continued to be treated by psychiatrist Dr. Branham since 1993. Her condition has improved, in that her depression is now intermittent. However, Dr. Branham indicates that plaintiff continues to be disabled as a result of her chronic pain syndrome. He referred plaintiff to a neurosurgeon, who found no surgical remedy for her condition. Plaintiff has also been treated by a pain specialist and an acupuncturist, but neither treatment has produced long-term effects. Because of plaintiffs continuing chronic pain which is the cause of her recurring depression, Dr. Branham maintains that plaintiff cannot return to work at this time, and remains totally disabled.
5. The Full Commission affirms the Deputy Commissioners denial of defendants motion to change plaintiffs treating physician. There is no indication that the treatment provided by Dr. Branham is lacking in any respect, and plaintiff has demonstrated some improvement during the several years in which she has been under Dr. Branhams care. The doctor-patient relationship that plaintiff has established with her psychiatrist, Dr. Branham, should not be interrupted without a showing of good cause. The mere disagreement between professionals regarding a course of treatment does not rise to the level of good cause sufficient to warrant such an interruption in this case.
6. Given the length of time plaintiff has been under the care of Dr. Branham, as opposed to the single examination performed by Dr. Jones, the Full Commission assigns greater weight to the opinion of Dr. Branham regarding plaintiffs ability to return to work at the present time.
7. Based upon the restrictions on plaintiffs return to work imposed by her treating physician, the job of reservation agent was not suitable employment and plaintiffs refusal to accept the job of reservation agent offered by defendant on 14 March 1997, was justified.
8. Defendants prosecution of this case was not frivolous or without justification.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff was justified in refusing defendants 14 March 1997 offer of employment. The job was not within the restrictions imposed by plaintiffs treating physician, Dr. Branham, and was not suitable employment. N.C. Gen. Stat. 97-32.
2. Plaintiff remains totally disabled as a result of her 7 March 1991 compensable injury, and is entitled to continuing compensation. N.C. Gen. Stat. 97-29.
3. Dr. Branham shall continue to be plaintiffs treating physician in this case. N.C. Gen. Stat. 97-25.
4. Plaintiff is not entitled to attorneys fees pursuant to N.C. Gen. Stat. 97-88.1, as defendant did not bring this action frivolously or without justification.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall continue to pay plaintiff temporary total disability compensation in accordance with the Opinion and Award of former Deputy Commissioner Shuping, filed on 5 May 1995, subject to attorneys fees as approved below.
2. Defendant shall continue to pay all medical expenses resulting from plaintiffs compensable injury or her change of condition. Defendant shall pay for any treatment which would effectuate a cure, relieve pain or shorten plaintiffs period of disability, including the treatment of Dr. Branham, who remains plaintiffs treating physician.
3. A reasonable attorneys fee of 25% of the compensation due plaintiff under paragraph 1 above is approved for plaintiffs counsel. Every fourth payment of compensation shall be paid directly to plaintiffs counsel.
4. Defendant shall pay the costs of this action.
This the ___ day of August, 2000.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
S/_______________ LAURA K. MAVRETIC COMMISSIONER